NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30167 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00402-DCN-1 |
| v. | |
| JORDAN MICHAEL DRAKE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted July 7, 2022**
Portland, Oregon

Before: R. NELSON and LEE, Circuit Judges, and RAKOFF,*** District Judge.

Jordan Drake appeals his conviction for one count of attempted coercion and

enticement of a minor in violation of 18 U.S.C. § 2422(b) and one count of attempted

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

use of interstate facilities to transmit information about a minor in violation of 18 U.S.C. § 2425. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Drake first challenges the district court's decision to exclude evidence about the precise age of a woman in a doctored photograph that the undercover agent sent to Drake when she was posing as a fifteen-year-old girl. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Lopez*, 4 F.4th 706, 714 (9th Cir. 2021).

The district court did not abuse its discretion in excluding evidence of the woman's precise age under Federal Rule of Evidence 401. *See United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) ("Trial judges have 'wide discretion' in determining whether evidence is relevant." (citation omitted)). Law enforcement used a filter to make the woman in the photograph look younger, and the district court permitted defense counsel to ask the undercover agent about the woman's general age. The jury also had a copy of the doctored photograph and could judge for themselves whether someone would believe the woman was a minor. Thus, the exact age of the woman does not make it more or less probable that Drake believed he was communicating with a minor. *See* Fed. R. Evid. 401.

Even if we assume that the woman's precise age was relevant, Drake has not demonstrated how its exclusion prejudiced him. *See United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) ("Harmless errors do not warrant reversal."). Given

the weight of evidence against Drake, the jury likely would have voted to convict him even if they knew the woman's precise age. *See Alvarez*, 358 F.3d at 1194 (explaining that we must uphold the district court's ruling unless "it is 'more probable than not' that the error affected the verdict" (citation omitted)). The government introduced sexually explicit messages that Drake sent to the undercover agent after she repeatedly claimed to be underage, and the forensic evidence contradicted Drake's claim that he thought he was talking to an adult who was roleplaying. There thus was ample evidence that showed Drake believed the undercover agent was a minor. *Cf. Lopez*, 4 F.4th at 718 (finding harmless error where "[g]iven the strength of the evidence that [the defendant] believed [the undercover agent posing as a minor online] was underage, the jury likely would have voted to convict").

2. Drake also challenges the district court's decision to limit his closing argument. We review de novo whether a defendant's Sixth Amendment right to assistance of counsel was violated and "give 'great latitude' and 'broad discretion' to the presiding judge when reviewing the lower court's decision to limit and control closing summations." *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (quoting *Herring v. New York*, 422 U.S. 853, 862 (1975)).

The district court did not err by prohibiting Drake from discussing the standard of proof in civil parental termination cases during his closing argument. A

3

defendant's right "to make a closing summation to the jury" is "not unlimited." *Id.* It was well within the district court's discretion to prohibit defense counsel from discussing an inapplicable legal standard that could confuse the jurors. *Id.* (explaining that "a court may limit closing arguments to ensure that they 'do[ ] not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial'" (quoting *Herring*, 422 U.S. at 862) (alteration in original)).

**AFFIRMED.**